IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CASE NO. 1:26-cv-00482-RBJ

ALAIN NARANJO DOMINGUEZ,

    Petitioner,

v.

JUAN BALTAZAR, ROBERT HAGAN,
KRISTI NOEM, TODD LYONS,
PAMELA BONDI,
in their official capacities,

    Respondents.

---

## ORDER

---

Before the Court are the Petitioner's Amended Petition for Writ of Habeas Corpus (Petition), ECF No. 6. The Court hereby ORDERS that respondents shall not transfer petitioner outside the District of Colorado or remove him from the United States during the pendency of these proceedings. The Court further ORDERS that respondents shall file a response to the Petition within 14 days of service of this Order.

Petitioner, a native and citizen of Cuba, entered the United States without inspection on February 11, 2022. *Id.* at 2. He was encountered by U.S. Immigration and Customs Enforcement ("ICE"), issued a Notice to Appear ("NTA") for removal

1

proceedings, and released on an order of recognizance. *Id.* at 2-3. Petitioner states that he has complied with all conditions of his release. *Id.* at 2.

Nonetheless, on May 27, 2025, Petitioner was detained by ICE "despite no criminal conduct, no violation of release conditions, and no change in his immigration posture." *Id.* at 2. Petitioner is currently detained at the ICE detention facility in Aurora, Colorado. *Id.* at 3.

Petitioner alleges that respondents are unlawfully detaining him under 8 U.S.C. § 1225(b)(2)(A) of the Immigration and Nationality Act (INA), which mandates detention during removal proceedings for "applicant[s] for admission" who are "seeking admission" to the United States. *Id.* at 2. Petitioner asserts that this provision does not apply to him, and therefore, his present mandatory detention violates due process under the Fifth Amendment, his statutory right to a bond hearing under 8 U.S.C. § 1226(a), the ICE's own procedures. *See id.* at 4-12.

Petitioner requests that this Court order respondents to provide him with an individualized bond hearing within a reasonable time or otherwise effectuate his release. *Id.* at 13.

As this Court has previously explained, the question of what provision of the INA properly governs the detention of a noncitizen who, like petitioner, entered the country without inspection and has resided here for more than two years is a recurring issue. *See Campos-Melara v. Noem et al.*, 1:25-cv-03929-RBJ, ECF No.

2

7 (D. Colo. Dec. 9, 2025); *Ugarte Hernandez v. Baltazar et al.*, 1:25-cv-04066-RBJ, ECF No. 16 (D. Colo. Jan. 15, 2026).

This Court has the inherent authority under the All Writs Act, 28 U.S.C. § 1651, to preserve its jurisdiction by enjoining the transfer of a noncitizen challenging his mandatory detention under § 1225(b)(2)(A). *See, e.g.*, *Castillo v. Andra-Ybarra*, Civ. No. 25-1074 JB/JFR, 2025 WL 3251223, at *12-13 (D.N.M. Nov. 21, 2025); *Alves v. U.S. DOJ*, Cause No. EP-25-CV-306-KC, 2025 WL 269763, at *5 (W.D. Tex. Sept. 12, 2025).  The Court has ordered this preliminary relief in numerous cases presenting this same issue, and will order this relief here.  *See, e.g.*, *Campos-Melara*, 1:25-cv-03929-RBJ, ECF No. 7; *Vences Nuñez v. Noem et al.*, 1:25-cv-04046-RBJ, ECF No. 4 (D. Colo. Dec. 18, 2025).

Therefore, to protect the status quo and preserve this Court's jurisdiction, the Court GRANTS the habeas petition only insofar as respondents are hereby enjoined from removing petitioner from the United States or transferring him out of Colorado unless or until this Court or the Court of Appeals for the Tenth Circuit vacates this order or the case is terminated.  At this time, the Court takes no action with respect to the remainder of the relief sought in the habeas petition.

To the extent they have not done so yet, no later than Thursday, February 26, 2026, counsel for petitioner is directed to: (1) serve respondents with a copy of the Petition along with a copy of this Order, by email and overnight mail; and (2)

promptly file proof of such service on the docket.  Counsel for respondents shall promptly enter notices of appearance, and, within 14 days of service, respondents are ORDERED TO SHOW CAUSE as to why the Petition should not be granted by releasing petitioner or requiring a bond hearing within seven (7) days.  *See Yassine v. Collins*, 1:25-cv-00786-ADA-SH, 2025 WL 1954064, at *1 (W.D. Tex. Jul. 7, 2025) (explaining that while 28 U.S.C. § 2243 refers to a three-day deadline, this requirement is "subordinate to the district court's authority to set deadlines" itself and granting respondents a 14-day deadline to respond) (internal citations omitted).

It is SO ORDERED.

Dated: February 25, 2026                    BY THE COURT:

R. Brooke Jackson
Senior United States District Court Judge